# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAY SHOWALTER,            )
                                  )
        Petitioner,          )
                                  )
v.                                )    Case No. CIV-11-88-M
                                  )
MIKE ADDISON, WARDEN,             )
                                  )
        Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, Michael Jay Showalter, appearing *pro se*, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 [Doc. #1] challenging the constitutionality of his state court conviction in Case No. CF-2005-611, District Court of Garfield County, State of Oklahoma. Respondent has filed a response [Doc. #9]. Petitioner has been given the opportunity to file a reply, *see* Order [Doc. #11], but has not done so within the time permitted. The matter is now at issue. For the reasons set forth below, it is recommended that the petition be denied.

## I.    Procedural History

On November 10, 2008, Petitioner was convicted, after jury trial, of Forcible Sodomy (Count 2) and Manufacturing Child Pornography (Count 3), both after former conviction of two or more felonies.[1] Petitioner was sentenced to forty years imprisonment on Count 2 and fifteen years imprisonment on Count 3, the sentences to run consecutively.

---

[1] Petitioner was found not guilty of First Degree Rape (Count 1). *See* State Court Record (Record) [Doc. # 12] at 126, Verdict.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction. *See* Response, Exhibit 4, OCCA Summary Opinion. Petitioner filed the instant habeas petition on January 28, 2011.

## II. Grounds for Federal Habeas Corpus Relief

In this habeas action, Petitioner raises five grounds for relief: (1) the trial court erred in admitting evidence over objection where no chain of custody was proved; (2) the trial court erred when it allowed one of the prosecution's expert witnesses to testify, even though some of the discovery material relating to the witness's testimony had not been turned over to the defense; (3) Petitioner should be granted relief based upon cumulative error; (4) Petitioner's conviction in Count 3 for allegedly taking pictures of himself with the victim and his conviction in Count 2 for having sex with the victim violates the prohibition against double jeopardy and double punishments and requires that one of the convictions be vacated; and (5) the trial court erred when it ordered Petitioner's sentences to run consecutively.

Petitioner raised each of these five grounds for relief on direct appeal before the OCCA. *See* Response, Exhibit 4, OCCA Summary Opinion. The claims, therefore, are exhausted.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards of review apply to Petitioner's grounds for relief, adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004). Pursuant to the AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result – not its rationale – is 'legally or factually unreasonable.'").

A state court decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different," "opposite in character or nature," or "mutually opposed" to the Supreme Court decision itself. *Id*. at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists.'" *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (*quoting Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)). "Thus, 'only the most serious misapplications of Supreme Court

3

precedent will be a basis for relief under § 2254.'" *Id*. (*quoting Maynard*, 468 F.3d at 671). As the Supreme Court recently emphasized, "AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 130 S.Ct.1855, 1866 (2010).

**IV. Analysis**

**A. Ground One – Admission of Evidence/Chain of Custody**

Petitioner challenges the admission of DNA evidence on grounds no proper chain of custody was established with respect to the buccal oral swabs taken from him. According to Petitioner, there is no evidence to show the swabs taken from him are the same swabs sent to Grace Helms, a criminologist with the Oklahoma State Bureau of Investigation (OSBI).[2]

At trial, Ms. Helms testified that she received from the Enid Police Department buccal swabs taken from Petitioner. *See* Record, Transcript of Jury Trial (Tr.) Vol. II at 126. Defense counsel objected to Ms. Helms' testimony about the DNA evidence on grounds that Ms. Helms did not testify about how the swabs came into the possession of the Enid Police Department. Tr. Vol. II at 129-131. The trial court overruled the objection. Tr. Vol. II at 131.

---

[2]Petitioner testified at trial that a person from the Enid Police Department obtained buccal swabs from him and that he willingly provided those swabs. Tr. Vol. III at 24. Petitioner further testified that he had requested the DNA testing because he believed such testing would prove his innocence. Tr. Vol. III at 23-24.

The record shows the trial court granted the State's request for DNA testing. *See* Record at 15-18 (Motion) and at 21 (Order Compelling Defendant to Provide Saliva Sample for DNA Testing) (May 25, 2007).

4

On cross-examination, Ms. Helms testified as follows regarding her receipt of the information from the Enid Police Department:

> Q. Okay. And the report that counsel referenced, and I believe is State's Exhibit 30 –
>
> Is that correct?
>
> A. Yes.
>
> Q. – shows that that was received from the Enid Police Department?
>
> A. Yes. The evidence package was submitted to the OSBI Northwestern Regional Laboratory, which is here in Enid, by Shaclair Garcia, who is with the Enid Police Department, for Mr. Hess, who is also with the Enid Police Department, on May 30th of 2007. And then that evidence was transported from the OSBI Lab in Enid to the OSBI Lab – at that time it was in Oklahoma City. So it was transported there by Anthony Goldman, who is an associate with the OSBI, on the 12th of June of 2007.

Tr. Vol. II at 135-136. Ms. Helms acknowledged that she did not know who gathered the evidence. Tr. Vol. II at 136. She did testify, however, that she received a "Request for Laboratory Examination Form" that contains the signatures of the officers submitting the evidence and the signature of the OSBI employee responsible for transporting the evidence. Tr. Vol. II at 136.

On direct appeal, the OCCA rejected Petitioner's challenge to Ms. Helms' testimony stating that "the trial court did not abuse its discretion in admitting the DNA evidence over defense counsel's chain of custody objection." *See* OCCA Summary Opinion at 2. Issues regarding the admission of evidence, like the one raised by Petitioner, turn on interpretations of state law and are generally not cognizable under 28 U.S.C. § 2254. *See, e.g., Revilla v.*

5

*Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002). Instead, in order to justify habeas corpus relief, Petitioner must demonstrate that the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Id.* (quotation and alterations omitted). *See also Johnson v. Mullin*, 505 F.3d 1128, 1146-48 (10th Cir. 2007) (state evidentiary rulings on chain of custody issues are reviewed on habeas corpus only to determine whether due process right to fundamentally fair trial was violated).

Petitioner presents no additional evidence in this habeas action that proper chain of custody evidence was so deficient as to render his trial fundamentally unfair. The facts, as set forth above, demonstrate a record sufficient for the jury to determine whether chain of custody was maintained. In addition, on cross-examination, defense counsel was able to explore any weakness in the evidence due to chain of custody issues. The jury, therefore, was provided the opportunity to determine the weight to be given the evidence. *See, e.g., Redden v. Calbone*, 223 Fed. Appx. 825, 830 (10th Cir. May 18, 2007) (unpublished op.) (gaps in the chain of custody go to the weight of the evidence rather than its admissibility) (*citing United States v. Washington*, 11 F.3d 1510, 1514 (10th Cir. 1993)). On the record presented, Petitioner has failed to demonstrate he was denied a fundamentally fair trial due to any chain of custody deficiencies. Ground one of the petition, therefore, should be denied.

### B. Ground Two – DNA Expert Testimony/Violation of Oklahoma Criminal Discovery Code

Petitioner claims in ground two of the petition that the trial court erred in allowing the State's expert, Todd Rigley, to testify regarding his examination of DNA evidence.

6

Petitioner claims the State violated Oklahoma's Criminal Discovery Code by failing to provide approximately 40 pages of discovery.

At trial, defense counsel objected to Rigley's testimony. *See* Tr. Vol. II at 91-99. A review of the colloquy at trial indicates the omitted discovery was underlying documentation forming the basis for the expert reports regarding DNA evidence. *See id*. at 99. The expert reports themselves, however, were provided to defense counsel.

The trial court allowed Mr. Rigley's testimony to proceed and made the following findings:

> THE COURT: Well, we're going to proceed forward. I believe the State has complied with the expressed language of the discovery statute.
>
> I don't like our situation here that we have documents that have not been examined. I do believe that both the State and the defense had an opportunity to ask for additional documents beyond what is required or typical by the agency, and that's where I believe that each side could have subpoenaed additional records if they so desired.
>
> I will grant Mr. Monard wide latitude, additional time to go through detail by detail with these additional records from these witnesses. And from that standpoint we will proceed.

Tr. Vol. II at 98.

Petitioner frames his claim as an issue of state law – whether the testimony should have been excluded based on the State's alleged violation of Oklahoma's Criminal Discovery Code. *See* Okla. Stat. tit. 22, § 2002(A)(1)(d). On direct appeal, the OCCA determined no

7

violation of the Discovery Code occurred. *See* OCCA Summary Opinion at 2 ("[W]e find that the trial court did not abuse its discretion in declining to exclude the testimony of the State's expert witness upon finding that the State did, in fact, comply with the express language of the discovery statute. This ruling was not in error and the trial court did not abuse its discretion.") (citations omitted). This Court is bound by the OCCA's determination of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of the federal habeas court to reexamine state-court determinations on state-law questions.").

To the extent Petitioner claims a due process violation, he does not provide any legal argument or factual record to demonstrate that the State's failure to provide the documentation underlying Mr. Rigley's testimony to defense counsel prior to trial rendered his trial fundamentally unfair. Indeed, Petitioner has made no attempt to even describe the content of this underlying documentation. Accordingly, Petitioner has failed to demonstrate his right to federal habeas relief and ground two of the petition should be denied.[3]

### C. Ground Three – Cumulative Error

Petitioner claims that cumulative error deprived him of a fundamentally fair trial in violation of his due process rights. Petitioner raised this claim on direct appeal, and the OCCA denied the claim. *See* OCCA Summary Opinion at 2.

In reviewing a claim of cumulative error, a court may consider only actual errors for purposes of determining whether a due process violation has occurred. *See Le v. Mullin*, 311

---

[3]As Respondent notes, Petitioner does not bring a claim that failure to provide the evidence constitutes a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

F.3d 1002, 1023 (10th Cir. 2002) ("[A] cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.") (*citing United States v. Rivera*, 900 F.2d 1462,1470-71 (10th Cir. 1990)). *See also Workman v. Mullin*, 342 F.3d 1100, 1116-1117 (10th Cir. 2003) ("Workman's sentence cannot be unconstitutional due to cumulative error because we have not found that the district court committed error."). This Court has reviewed the claims raised in the other grounds for habeas relief and has not found multiple errors that could result in cumulative error. Therefore, this claim is without merit and ground three of the petition should be denied.

### D. Ground Four – Double Jeopardy/Double Punishment

Petitioner claims his convictions for Forcible Sodomy (Count 2) and Manufacturing Child Pornography (Count 3) violate the Double Jeopardy Clause of the United States Constitution and also violates Okla. Stat. tit. 21, § 11A, a state law prohibition against double punishment. Rejecting this claim on direct appeal, the OCCA found: "Appellant's convictions for both Forcible Sodomy and Manufacturing Child Pornography did not violate the statutory prohibition against double punishment or the constitutional protection against double jeopardy." *See* OCCA Summary Opinion at 2-3 (citations omitted).

The Double Jeopardy Clause protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794 (1989). "[W][here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the

other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Here, the offenses of Forcible Sodomy (Count 2) and Manufacturing Child Pornography (Count 3) clearly require different factual elements of proof.[4] Therefore, Petitioner's convictions for these offenses do not violate the Double Jeopardy Clause of the Fifth Amendment. The OCCA's determination of this issue is neither contrary to nor an unreasonable application of clearly established federal law.

---

[4]Forcible Sodomy requires proof of the following elements:

First, penetration;
Second, of the mouth of the victim;
Third, by the penis of the defendant;
Fourth, by a person over the age of eighteen on a child under the age of sixteen.

*See* OUJI-CR 4-128; *see also* Record at 158, Instruction No. 22; Okla. Stat. tit. 21, §§ 886-888.

Manufacturing Child Pornography requires proof of the following elements:

First, knowingly;
Second, manufacturing;
Third, any child pornography.

*See* OUJI-CR-4-135C; *see also* Record at 159, Instruction No. 23; Okla. Stat. tit. 21, § 1021.2.

Petitioner further contends his convictions violate Oklahoma's statutory prohibition against double punishment. *See* Okla. Stat. tit. 21, § 11.[5] As set forth above, this claim was rejected by the OCCA.

Under Oklahoma law, a section 11 analysis is "a separate matter, not involving double jeopardy issues." *Davis v. State*, 993 P.2d 124, 125 (Okla. Crim. App. 1999). As this issue involves purely a matter of state law, it does not serve as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). *See also El Mansouri v. Jones*, 235 Fed. Appx. 713, 717 (10th Cir. May 24, 2007) (unpublished op.) (habeas petitioner's claim that convictions violated Oklahoma's statutory prohibition against double punishment involved purely matters of state law and could not serve as grounds for federal habeas corpus relief); *Howell v. Kaiser*, 36 Fed. Appx. 925, 927, 2002 WL 89930 at *2 (10th Cir. Jan. 24, 2002) (unpublished op.) ("As to Mr. Howell's claim that his conviction for both possessing and pointing a firearm after

---

[5]Section 11 provides in pertinent part:

> [A]n act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, . . . but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law.

Okla. Stat. tit. 21, § 11 (2001).

11

former conviction of felony violates Oklahoma law against double punishment, we agree with the magistrate judge and the district court that this issue is a matter of state law which is not cognizable in a federal habeas action.") (*citing Estelle v. McGuire*, 502 U.S. at 67-68). Accordingly, Petitioner's section 11 claim is not cognizable in this federal habeas action.

### E. Ground Five – Consecutive Sentences

In ground five, Petitioner claims the trial court abused its discretion when ordering the sentences on his convictions to run consecutively and not concurrently. *See* Record at 213-214, Judgement and Sentence. Under Oklahoma law, unless an order directs two sentences to be run concurrently, they run consecutively. *Beck v. State*, 478 P.2d 1011, 1012 (Okla. Crim. App.1970); Okla. Stat. tit. 22, § 976. As the OCCA found on direct appeal, Petitioner has failed to demonstrate the trial court abused its discretion. *See* OCCA Summary Opinion at 3.

More importantly, Petitioner's claim fails to raise any issue demonstrating a violation of his federal constitutional rights. Sentencing involves the application of state law which is not cognizable on federal habeas review unless Petitioner shows that the challenged sentence is outside the statutory limits or otherwise unauthorized by law. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Petitioner does not and cannot claim that his sentences exceed that permitted by Oklahoma law. Indeed, each conviction, after two or

more prior felonies, carried a maximum penalty of life imprisonment.[6] Accordingly, he is not entitled to habeas corpus relief and ground five of the petition should be denied.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by October __18th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral of the District Judge in this case.

DATED this __27th__ day of September, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

---

[6]*See* Okla. Stat. tit. 21, §§ 888 and 51.1(B) (governing conviction for forcible sodomy after two or more felony convictions); and Okla. Stat. tit. 21, §§ 1021.2 and 51.1(C) (governing manufacturing child pornography after two or more felony convictions). *See also* Record at 166-167, Jury Instruction Nos. 30-31.